```
                                                              FILED
                                                      U.S. DISTRICT COURT
              IN THE UNITED STATES DISTRICT COURT       AUGUSTA DIV.

              FOR THE SOUTHERN DISTRICT OF GEORGIA  2006 MAR -1  AM 8:11

                          AUGUSTA DIVISION           CLERK_____
                                                         SO. DIST. OF GA.
```

KEVIN SCOTT,                       )
                                   )
      Plaintiff,               )
                                   )
v.                                 )      CV 105-192
                                   )
                                   )
GAIL MCGAHEE and FNU ROBERTS,      )
                                   )
      Defendants.              )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On January 20, 2006, the Court ordered plaintiff, a prisoner proceeding pro se in this Title 42, United States Code, Section 1983 action, to submit a partial filing fee of $5.80 within thirty days of the date of the Order. Plaintiff has not submitted the partial filing fee, nor has he indicated that he does not wish to proceed with his complaint. Because Title 28, United States Code, Section 1915 provides that a prisoner should not "be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee," the Court will proceed with plaintiff's complaint with the understanding that plaintiff is responsible for paying the full $250.00 filing fee as funds become available.

The Prison Litigation Reform Act requires the Court to screen plaintiff's complaint for the purpose of identifying claims subject to immediate dismissal. 42 U.S.C. § 1997e(c)(1). While pleadings drafted by pro se litigants are construed liberally, Haines v.

Kerner, 404 U.S. 519, 520-21 (1972), the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

In his complaint, the factual allegations of which the Court will accept as true for the limited purpose of screening the complaint, plaintiff, an inmate now housed at Calhoun State Prison, states that defendants confiscated approximately $300.00 worth of money and other possessions when they transferred him to Augusta Transitional Center. Plaintiff alleges that, despite being informed by prison officials that he could reclaim his property, defendants nevertheless destroyed or kept the property for themselves. Plaintiff also asserts that defendants did not follow Georgia Department of Corrections policy in informing him that his property would be condemned or destroyed.

In an expansion of its prior decision in Parratt v. Taylor, 451 U.S. 527 (1981), the Supreme Court has held that the unauthorized, intentional deprivation of property by a prison guard does not constitute a violation of the due process clause, provided that state law affords a meaningful post-deprivation remedy for the loss.[1] Hudson v. Palmer, 468 U.S. 518, 531-33 (1984). Georgia law provides such a post-deprivation remedy for the wrongful deprivation of a prisoner's property by a prison guard. O.C.G.A. § 51-10-1 (recognizing cause of action in tort for wrongful deprivation of personal property). To the extent that the loss of plaintiff's property was tortious, plaintiff is free to pursue his remedies in state court. The

---

[1] Parratt held that the negligent loss of property by prison employees does not violate the due process clause as long as adequate post-deprivation remedies are available. Parratt, 451 U.S. at 539.

2

presence of a state law remedy, however, renders his Section 1983 claim incognizable.

The Court also notes that if defendants violated a prison regulation in destroying plaintiff's property, such a violation does not in itself give rise to a Section 1983 cause of action. "Prison regulations . . . were never intended to confer rights on inmates or serve as a basis for constitutional claims. Instead, [state prison] regulations, as well as the Unified Code [of Corrections], were designed to provide guidance to prison officials in the administration of prisons." Blakenship v. Kittle, No. 03 C 3573, 2003 WL 22048712, at * 2 (N.D. Ill. Aug. 6, 2003); see also Rienholtz v. Campbell, 64 F. Supp. 2d 721, 731 (W.D. Tenn. 1999), aff'd, 198 F.3d 247 (6th Cir. 1999) (Table) ("In a § 1983 action, a federal court considers whether a constitutional right has been infringed, not whether bureaucratic procedures have been violated." Id. (emphasis added)).

For the foregoing reasons, the Court finds that the presence of Georgia post-deprivation remedies precludes plaintiff from recovering under Section 1983. Accordingly, the Court recommends that plaintiff's complaint be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 1st day of March, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE